4-8436                              208 S. W. 2d 463

Opinion delivered February 23, 1948.

*Rogers & Rogers,* for appellant.

*Ernie E. Wright,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, J. W. Mc-Call, and his wife, Lou McCall, filed this suit to quiet title to a small parcel of land in Baxter county, Arkansas, described as follows: ''That part of the northeast quarter of the southeast quarter of section 35, township 20, range 13, west, described as follows: One acre, more or less, lying due east of the Oakland Cemetery tract and extending to the east boundary of said forty.'' They alleged that they acquired title to said land by a warranty deed from W. G. Shively and wife on July 15, 1944, and that appellees, R. M. Owen, W. M. Owen, and J. W. Owen, claimed some interest in the lands.

Appellees filed an answer and cross-complaint claiming title to the lands in controversy under a deed from Lou McCall dated September 24, 1946. They also alleged

that the 32-acre tract had been enclosed by a substantial fence for more than 20 years and that appellees and their predecessors in title had been in adverse possession of a small portion of the 1-acre tract claimed by the McCalls for more than 10 years; that appellant, J. W. McCall, was trespassing upon their lands by occupying a cabin on the west side of the tract without right; and that the description in the deed under which J. W. McCall claims title is indefinite and void. They prayed that title to any part of the 1-acre tract lying within their fences be quieted.

Lou McCall died prior to the trial in chancery court. Since she held title to the 1-acre tract with J. W. McCall by the entirety, the latter, as survivor, proceeded as sole plaintiff. Upon a trial of the issues the chancellor held that appellees had acquired title to the small parcel of land in dispute by adverse possession and a decree was entered quieting their title to the lands lying within the fence which enclosed the 32-acre tract.

The evidence discloses that the deed to appellees of the 32-acre tract is described by metes and bounds as lying in section 36, but the fence along the west side of the tract deviates from the section line between sections 35 and 36 so that it encroaches upon section 35 for a short distance enclosing a triangular strip containing approximately one-fourth of an acre. The greater portion of this strip lies in the southeast quarter of the northeast quarter of section 35 and appellant has and claims no title to this portion, but does claim title to the southern portion of the small strip, which lies in the northeast quarter of the southeast quarter of section 35, under the description in the deed from W. G. Shively and wife.

In 1932, the 32-acre tract was owned by Floyd A. Elston and wife who employed M. E. Curlee, a real estate broker, to sell the lands. A deed from the Elstons with the name of the grantee left blank was attached to a memorandum authorizing the bank, where the deed was left, to insert the name of the grantee when a buyer was found. When Curlee closed the sale of the land to Lou McCall in 1939, her name was inserted as grantee according to the written instructions of the grantors. J. W. and Lou Mc-

Call lived on the 32-acre tract from 1939 until 1946 when M. E. Curlee closed a sale of the tract to appellees. Curlee told appellees the fences were on the line and Lou McCall executed and acknowledged a memorandum in which she agreed to give full possession of the 32-acre tract. Following a description of the tract as employed in the deed, this memorandum recites, ''being all of what was originally known as the Jesse G. or J. G. Stone lands as the same is now fenced and containing 32 acres, more or less, all in township 20 north, of range 13 west.''

M. E. Curlee sold the 1-acre tract to W. G. Shively and wife shortly after Lou McCall purchased the 32-acre tract. The Shivleys bought the 1-acre tract with the understanding that the division fence was on the section line. A short time after purchasing the tract W. G. Shively had the lines surveyed and some dispute arose between him and Lou McCall over the line. However, Lou McCall refused to recognize Shively's claim to the land within her fence and the McCalls continued to use the strip as a garden spot and later built three small cabins on the disputed strip. When the McCalls purchased the 1-acre tract from the Shivelys for $250 in 1944 a store building was located on that part of the tract lying outside the fence of appellees. According to the testimony of the county surveyor the description employed in the deed from the Shivelys to the McCalls as ''1 acre, more or less, lying due east of the Oakland Cemetery tract and extending to the east boundary of said forty'' would include a small triangular area of a few feet inside appellee's fence south of the southernmost of the three cabins as shown on a plat made by the witness and introduced in evidence.

Several witnesses testified that the fence enclosing the 32-acre tract had been maintained for 30 or 40 years on the same lines and that appellees and their predecessors in title, including the McCalls, had been in possession of the enclosed tract during that period using and claiming title to the lands.

It is conceded by appellants that the owners of the 32-acre tract acquired title to the lands in controversy by

adverse possession prior to 1938. It is insisted, however, that M. E. Curlee acquired title to the 32-acre tract in 1932 and became the owner of both tracts when he purchased the 1-acre tract in 1938; and that he subdivided the lands by thereafter conveying the two tracts according to the political subdivision lines. The evidence does not support appellant's contention that Curlee became the owner of the 32-acre tract in 1932, or at any other time. Lou McCall did deed the tract to Curlee in 1941, but it is undisputed that this deed was given as security for a loan and that Curlee reconveyed to Mrs. McCall when the loan was repaid in 1943. Curlee had conveyed the 1-acre tract to the Shivelys prior to 1941. It is true that he supervised the property during the time the deed was held by the bank and before it was sold to Lou McCall, but he had no title.

Moreover, if Curlee had been the owner of both tracts in 1939, appellants' contention would be without merit. The applicable rule is stated in 11 C. J. S., Boundaries, p. 651, as follows: "A practical location made by the common grantor of the division line between the tracts granted is binding on the grantees who take with reference to that boundary. The line established in that manner is presumably the line mentioned in the deed, and no lapse of time is necessary to establish such location, which does not rest on acquiescence in an erroneous boundary, but on the fact that the true location was made, and the conveyance in reference to it." It is clearly shown by the evidence that the 32-acre tract was purchased and sold by Lou McCall with reference to the fence as the division line. By the instant suit appellant attempts to assert rights directly opposed to the claim made by him and his wife during the 7-year period they held possession of the 32-acre tract, and contrary to the written sales contract executed by Lou McCall when she conveyed the lands to appellees.

The finding of the trial court that appellees acquired title to the lands within their fences by adverse possession is fully supported by the preponderance of the evidence, and the decree is accordingly affirmed.