Deward Ray ADCOCK v. Lawrence DEATON et ux

5-5968                                    485 S.W. 2d 203

Opinion delivered October 9, 1972

*Young & Patton,* for appellant.

*Tackett, Moore, Dowd & Harrelson,* for appellees.

Conley Byrd, Justice. This is a boundary dispute between the appellant Deward Ray Adcock and the appellees Mr. and Mrs. Lawrence Deaton. The trial court concluded that, since the two parcels of land were sold by the common grantor with reference to an old fence as the dividing line, the fence line must be respected by the grantees and their successors as the division line between the two properties. For reversal appellant contends that the court erred in considering an agreed boundary since that was not pled and no evidence was offered regarding an agreed boundary.

Mr. M. E. Deaton, Sr., the common grantor of the two properties, testified without objection that properties had never been surveyed until the litigation in question arose. The old fence in question was built the day he made the deed to Mr. Castleman, appellant's predecessor in title. He also stated that before building the fence, he talked to Mr. Castleman and that Mr. Castleman furnished the cross-ties for the posts.

For many years upon the authority of Ark. Stat. Ann. § 27-1160 (Repl. 1962), we have held that where testimony is received without objection, a trial court in its discretion

may treat the pleadings as amended to conform to the proof. We can find no abuse of discretion in this instance.

Furthermore, the case of *McCall* v. *Owen,* 212 Ark. 984, 208 S.W. 2d 463 (1948), supports the holding of the trial court on the facts.

Affirmed.

GEORGE ROSE SMITH and FOGLEMAN, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I would reverse this judgment. Appellant's only point for reversal is that the trial court decided the cause upon the finding that there was a boundary by agreement, when that issue had not been raised by the pleadings or proof. My review of the record does not disclose that this question was ever in issue. The appellees relied upon adverse possession, as well as a denial of appellant's title. I certainly agree that the pleadings should be treated as amended to conform to the proof when evidence on an issue not made by the pleadings is admitted without objection, in a proper case. That rule does not deprive the party who does not object of the basic right to be apprised of a new cause of action or defense not mentioned in the pleadings. See *Dorris* v. *Dorris,* 249 Ark. 580, 460 S.W. 2d 98. The rationale of the rule permitting the introduction of a new issue into a case because of the failure of the party against whom the issue is asserted to object is based upon waiver of the objection. *Williams* v. *Davis,* 211 Ark. 725, 202 S.W. 2d 205; *Van Bibber* v. *Strong,* 203 Ark. 1090, 160 S.W. 2d 861. See also *St. Louis, A & T Ry. Co.* v. *Triplett,* (on rehearing) 54 Ark. 304, 16 S.W. 266.

It is elementary that a waiver is a voluntary relinquishment of a known right. In this case, the evidence relied upon by the majority to raise the issue is evidence that is consistent with the defense of adverse possession which was asserted in the pleadings. Appellant would not have had any right to have the testimony excluded. I also submit that appellant could not be charged with notice that an issue not pleaded had arisen. If he had, he might have been able to produce Mr. Castleman or other witnesses to show that the fence was not built on a line agreed upon

as the boundary, or that there was no agreement that it marked the boundary.

Appellees state that the parties briefed this issue in the trial court, but the record does not disclose this. Appellant relies strongly on the fact that this issue was not raised, so we cannot base any holding upon a matter not disclosed by the record.

I would reverse the judgment for a new trial.

I am authorized to state that Mr. Justice George Rose Smith joins in this dissent.