Jewell Wayne SHOPTAW et al *v.*
Billy A. PUTERBAUGH et al

78-31                                          567 S.W. 2d 288

Opinion delivered June 26, 1978
(Division II)

*Ed Daniel*, for appellants.

*Shackleford, Shackleford & Phillips*, for appellees.

DARRELL HICKMAN, Justice. This is an appeal of a decision in the Dallas County Chancery Court regarding a contract to sell a little over two acres of land.

The appellants had signed an offer and acceptance to buy this land from the appellees. After attempting to use the land for a ready-mix concrete operation, the appellants decided that the tract was unsatisfactory because the ground was too soft. The appellants had paid earnest money of $6,500.00 to the appellees, according to the agreement, and the chancellor decided that the money would be forfeited as liquidated damages. The appellees cross-complained for $1,500.00 as actual damages to the tract of land. The trial court dismissed this claim as being without equity.

Both parties appeal the decision of the trial court. We find no error and affirm the decree of the chancellor.

The appellants argue that the trial court refused to permit evidence that the forfeiture of the $6,500.00 was, in fact, a penalty rather than liquidated damages as provided for in the offer and acceptance. The appellants attempted to amend their pleadings during trial to include this allegation, but the trial court, upon objection of the appellees, refused to permit the amendment.

The record indicates that the case had already been continued once on the motion of the appellants, and the request for amendment was not made until the trial was in progress. Different counsel had filed the lawsuit. It is a matter of discretion with the trial court to permit amendment of pleadings at such a time. Ark. Stat. Ann. § 27-1160 (Supp. 1977). We cannot say from the record that the trial court abused its discretion. The appellants argue that Arkansas is a state with liberal pleading rules and, therefore, the refusal of the trial court to permit an amendment was an abuse of discretion.

Our procedural statutes liberally permit amendment of pleadings at certain times under certain circumstances. However, upon timely objection, the trial court does not abuse its discretion by refusing to allow pleadings to be amended. *Adcock* v. *Deaton,* 253 Ark. 189, 485 S.W. 2d 203 (1972). That is as it should be because parties are entitled to notice before trial as to what issues will be raised.

In their complaint, appellants alleged that the contract was void because the legal description of the property was insufficient, and because the appellees had not accepted the offer in the prescribed manner. Considering the fact that the appellants had been granted one continuance, that the new issue was raised at trial, and that the appellees properly objected, we cannot say that the trial court abused its discretion by refusing to permit an amendment to include a claim that the provision for liquidated damages was, in fact, a penalty.

In their cross appeal, the appellees ask for a $1,500.00 judgment for actual damages to the tract of land caused by appellants' heavy vehicles. The vehicles caused ruts on the property which appellees claim they had to repair. However, because the appellees claimed the $6,500.00 as liquidated

damages in this action for breach of contract, they are precluded from seeking actual damages. See 22 Am. Jur. 2d *Damages* § 235 (1965).

Affirmed.

We agree. HARRIS, C.J., and BYRD and HOWARD, JJ.