FOLK CONSTRUCTION COMPANY and WILLIAM L. JOHNSON COMPANY, INC. *v.* SUN PIPE LINE COMPANY

CA 80-293                                              611 S.W. 2d 198
Court of Appeals of Arkansas
Opinion delivered February 4, 1981

*Spears, Sloan & Johnson*, by: *James A. Johnson, Jr.*, for appellants.

*Skillman & Durrett*, by: *Chadd L. Durett, Jr.*, for appellee.

JAMES R. COOPER, Judge. This appeal is from a decree of permanent injunction granted by the Chancery Court of Crittenden County, Arkansas, in which that court permanently enjoined appellants from removing earth from within 150 feet of appellee's property and easement lines. The order denied all other prayers for relief and for damages and assessed costs of the action against appellants. The complaint of the appellee was filed July 21, 1976, and a hearing was held on July 28, 1976. The complaint prayed for a temporary injunction enjoining appellants from continuing excavation pursuant to an agreement between appellants for the removal of borrow material from 6 acres of land owned by the Johnson Company located between 2 tracts of land owned by appellee. The borrow material was to be used as fill material for a Union 76 Truck Stop, pursuant to a contract between Folk and the contractor on that project. One tract of land owned by appellee was adjacent to the Mississippi River on its west bank, and was the site of barge loading facilties. Appellee had an easement across the Johnson land for its pipelines to other facilities which were located on land which was adjacent to the Johnson property on the west side. The complaint alleged that appellee had no adequate remedy at law and that unless appellants were restrained from excavation pursuant to the agreement (the terms of which were unknown to appellee) the barge loading facilities were likely to be totally destroyed resulting in great or irrevocable injury to appellee.

Following the hearing, the Court granted a temporary injunction, and provided two alternative forms of injunction, with the choice as to which option to use being left to appellee. The first option provided that upon the posting of a surety bond in the amount of $25,000.00, appellants were to be enjoined from further excavation as complained of in the complaint within 100 feet of appellee's property and easement lines. The second option provided that upon the posting of a surety bond in the amount of $100,000.00, then appellants were to be enjoined from any further excavation as complained of in the complaint. Appellee chose the second option. Following trial the Court issued a memorandum opi-

nion and a final decree of permanent injunctions was entered March 12, 1980. That order enjoined appellants from removing earth from within 150 feet of appellee's property and easement lines and denied claims for damage, primarily based on its allegation that it was forced to buy and haul from distant pits at a greater cost. From those decisions of the trial court comes this appeal.

Appellant first alleges that the Chancery Court erred in not awarding monetary damages when the Court made permanent only a portion of the temporary injunction. Appellant argues that it is clear that the trial court enjoined less excavation in its order of permanent injunction. Appellee argues that the planned excavation initially enjoined was less than that which was enjoined in the permanent injunction.

Ark. Stat. Ann. § 32-307, (Repl. 1977) states;

. . . . upon the dissolution in whole or in part of any injunction or restraining order of any and every kind and nature whatsoever, the Chancery Court wherein the same was pending may assess and render against the principal and sureties on the injunction bond, a valid judgment for any and all damages occasioned by the issuance of any such injunction or restraining order. . . .

We are unable to say that the permanent injunction was narrower in scope than the temporary injunction and, in any event, since the award of damages under the above cited statute is discretionary with the trial court, in order to reverse on this ground we would have to find that the Chancellor abused his discretion. We do not so find.

Evidence was presented to the Chancellor which indicated that the dirt removed from the Johnson property was not suitable for the completion of the contract between Folk Construction Company and Union 76 and that appellant Folk has determined prior to the issuance of the temporary injunction that another site for fill dirt would have to be located. The Chancellor could easily have found, under these circumstances, that since appellant Folk was obligated to provide fill dirt of a certain specification which was not

available at this site then it could not have incurred damages as a result of the temporary injunction. Therefore the trial court may have denied an award of damages on any one of three bases: First, that the fill dirt was not suitable for purposes of the Union 76 contract, and therefore damages, if any, were not attributable to the issuance of the temporary injunction; second, that the permanent injunction was at least equal to or greater than the temporary injunction; or third, the trial court could have found that damges were not proved. In any case, the award of damages was discretionary with the trial court and unless clearly against the preponderance of the evidence or clearly erroneous we will not disturb the Chancellor's findings. *Rule 52, Arkansas Rules of Civil Procedure.* We find no abuse of discretion here.

For its second point for reversal appellant claims that the Court erred in not allowing Folk to prove all damages resulting from the temporary injunction. Appellant Folk attempted to amend its pleadings during trial, after this case had been on file for almost 3 years and the trial court denied its motion to amend and refused to allow further testimony related to alleged damages not pled. A determination of whether to allow amendments to pleadings is clearly discretionary. We hold that the trial court did not abuse its discretion in refusing to allow an amendment to the pleadings at such a late date. *Shoptaw* v. *Puterbaugh*, 263 Ark. 778, 567 S.W. 2d 288 (1970).

The third point alleged as error by appellant is that the issuance of the permanent injunction was not supported by a preponderance of the evidence. We find this contention to be without merit.

This case involved extensive pleadings, discovery and the testimony included conflicting testimony of several expert witnesses. The testimony of the expert witnesses in this case was detailed and complex and the Chancellor was in a better position to judge the weight to be given their testimony than is this Court. *Minton* v. *McGowan*, 256 Ark. 726, 510 S.W. 2d 272 (1974). Rule 52 of the Arkansas Rules of Civil Procedure provides that this Court should not reverse the findings of a Chancellor on the value and weight to be given to the

testimony of experts unless his findings are clearly erroneous (clearly against the preponderance of the evidence).

Having heard all the witnesses and examined the exhibits, the Chancellor found that the removal of earth as contemplated by appellants within 150 feet of appellee's property and easement lines would result in irreparable injury to the property of appellee. These findings by the Chancellor are not clearly erroneous or against the preponderance of the evidence. To the contrary, his findings are clearly supported by a preponderance of the evidence.

Finding no error, we affirm the decision of the Chancellor.

CORBIN, J., not participating.