NEW HAMPSHIRE INSURANCE COMPANY *v.* Billy C. KELLER and Mary V. KELLER et al

CA 81-129                                          622 S.W. 2d 198

Court of Appeals of Arkansas
Opinion delivered October 21, 1981

*Atchley, Russell, Waldrop & Hlaviǹka,* by: *Norman C. Russell* and *Robert A. Weber,* for appellant.

*Brown, Compton & Prewett* and *Wright, Lindsey & Jennings,* for appellees.

GEORGE K. CRACRAFT, Judge. The appellant, New Hampshire Insurance Company, appeals from an order allowing appellee, Keller, to settle his personal injury claims against Sweet Home Stone Company "around" the appellant's subrogation claim as workers' compensation carrier.

The record reflects that on November 7, 1977, the appellee, Billy Keller and a co-employee, James Coleman, suffered serious injuries in a vehicular collision in Hempstead County in which the van they were riding in collided with a truck owned and operated by Sweet Home Stone Company. At the time of the accident both Keller and Coleman were employees of Ideal Baking Company, and were acting within the scope of their employment. Their employer was a Texas corporation having its principal place of business in Texarkana, Texas. Ideal Baking provided workers' compensation benefits for its employees through the appellant, New Hampshire Insurance Company, its carrier. The policy was issued in Texas. Pursuant to that policy the appellant provided workers' compensation benefits to both employees on claims filed with the counterpart of our Workers' Compensation Commission in the State of Texas. All such benefits were paid in accordance with the law of that state. At the time of the proceeding now reviewed the appellant was still providing those benefits to appellee.

On April 17, 1978, Coleman filed a third-party tort action seeking recovery from Sweet Home Stone Company for his personal injuries. The appellant joined in that complaint asserting its right of subrogation and praying that any sums recovered "be prorated in accordance with laws of Arkansas." Appellee Keller had on January 4, 1978, filed a similar suit in Hempstead County seeking recovery for his personal injuries sustained in that accident. While it does not appear that appellant joined in that complaint, it did, in subsequent pleadings hereinafter discussed, intervene and assert its right to subrogation "pursuant to the laws of Arkansas."

The two tort cases were consolidated by agreement and

set for trial on September 17, 1980. On the Monday preceding that Thursday trial date, Keller notified both the court and the appellant that a compromise settlement of his claim had been reached with Sweet Home Stone Company and that the settlement would be presented to the court for its approval on the date set for trial. On the morning of September 17, 1980, the appellant appeared in opposition to the approval of the settlement and moved the court for permission to file a motion requesting that judicial notice be taken of the law of the State of Texas with respect to its subrogation rights. The law of Texas differs substantially from our own, and is much more favorable to the compensation carrier. Under Texas law the carrier is entitled to be reimbursed in full out of the first monies received from a third party whether by judgment or settlement and does not permit a settlement "around" the carrier as provided by our law.

The court denied the motion and after hearing testimony approved the settlement in which all of appellant's subrogation rights were preserved by express provision.

The appellant appeals from that ruling contending that the court erred in refusing to take judicial notice of the workers' compensation laws of Texas, and in refusing to hold that the first money obtained in the settlement be applied to its subrogation claims as permitted by Texas law. It further contends that the trial court erred and abused its discretion in approving the proposed settlement and that the settlement was unfair with respect to its subrogation rights. We find no merit to these contentions.

### THERE WAS NO ERROR IN DENYING THE MOTION TO TAKE JUDICIAL NOTICE OF TEXAS LAW.

None of the pleadings on file at the time this motion was made indicated by implication or otherwise that the law of Texas or any other state would be in issue. In joining in the Coleman complaint appellant prayed for "a first lien as provided by law" upon the proceeds of any recovery obtained by Coleman. In its intervention in the Keller case

appellant asserted its right "to be reimbursed pursuant to the laws of Arkansas" for all sums paid by it by reason of its policy of Workers' Compensation Insurance. In its motion in limine it prayed for an order of the court restricting any party from mentioning the fact of subrogation and contended that the payments itemized by it therein "were properly recoverable pursuant to applicable laws of Arkansas." The first mention of the law of Texas was made in the oral motion to take judicial notice made on the date of trial and the written motion thereafter filed pursuant to it.

Rule 44.1 (a) *Arkansas Rules of Civil Procedure* provides as follows:

> (a) Notice. A party who intends to raise an issue concerning the law of any jurisdiction or governmental unit thereof outside this State shall give notice in his pleading or other reasonable written notice.

This rule provides alternative means of giving notice that a party intends to raise an issue inquiring judicial notice of the law of a sister state. First, a party may give that notice in his pleading. At the time the intent to rely upon the law of Texas was first mentioned to the court here no pleading of any party had made reference to any fact or circumstance which would cause the law of any other state to be applicable. No reference to the law of Texas or intent to rely upon it appeared in the pleadings. To the contrary, reliance on Arkansas law was clearly expressed. This alternative had not been complied with.

The rule permits, as a second alternative, the giving "of other reasonable written notice." This rule is identical to superseded Ark. Stat. Ann. § 27-2504 (Supp. 1975) and worked no change in prior Arkansas practice. In the cases decided under that former act it was declared that while there was no rigid rule requiring a party to assert his reliance on foreign law at any particular point in the litigation, the court "must exercise discretion in determining the proper timing of the notice in the light or requirements of the case and fairness to the parties." *Yarbrough v. Prentice Lee Tractor Co.*, 252 Ark. 349, 479 S.W. 2d 549 (1972). The trial

court's exercise of that discretion in such matters will not be disturbed unless a clear abuse appears. *Folk Construction Co.* v. *Sun Pipe Line Co.,* 271 Ark. 836, 611 S.W. 2d 198 (Ark. App. 1981); *Shoptaw* v. *Puterbaugh,* 263 Ark. 778, 567 S.W. 2d 288 (1978).

In denying the motion the court stated:

> The Court: I am denying the motion, Mr. Russell, for the simple reason that the case was set for eight thirty this morning, and it is certainly no criticism of you at all. I haven't had time to examine it, *the jury is waiting,* and it will be at least noon before I could rule on it with any competence.

Counsel for the appellees protested that they had no advance notice of the motion and no knowledge of the law of Texas with respect to the subrogation rights of compensation carriers. Even the attorney for appellant indicated that he had not been fully able to crystalize his thinking or get the authorities together. Any delay in the Keller case occasioned by the disposition of the motion would result in delay in the Coleman case which was also the subject of that motion. The cases had not then been severed. The jury was waiting to try the Coleman case in the event the Keller settlement was approved, and both cases if it was not found to be acceptable.

When all of the facts and circumstances are considered, we cannot say that the trial court abused its discretion in denying the motion in the light of the requirements of the case and fairness to all parties. As no timely notice of intent to raise the issue concerning the law of Texas was given, there was no error in the court's ruling. The trial court was correct in applying the law of Arkansas. *American Aviation, Inc.* v. *Aviation Ins. Managers, Inc.,* 244 Ark. 829, 427 S.W. 2d 544 (1968).

### THERE WAS NO ERROR IN THE COURT'S APPROVAL OF THE SETTLEMENT.

The appellant next contends that the trial court erred in approving the settlement "around" its claim, and abused its

discretion in doing so because the settlement was unfair with respect to its subrogation rights.

Our courts have on at least four occasions construed Ark. Stat. Ann. § 81-1340 (Repl. 1976) with reference to "settlement around" compensation carriers. *St. Paul Fire & Marine Ins. Co. v. Wood,* 242 Ark. 879, 416 S.W. 2d 322 (1967); *Travelers Ins. Co. v. McCluskey,* 252 Ark. 1045, 483 S.W. 2d 179 (1972); *Liberty Mutual Ins. Co. v. Billingsley,* 256 Ark. 947, 511 S.W. 2d 476 (1974); *Bituminous Ins. Co. v. Ga.-Pac. Corp.,* 2 Ark. App. 245, 620 S.W. 2d 304 (1981). These cases have declared that the purpose of the section in issue is to protect both the employee and the carrier. Therefore the employee and tort-feasor may settle "around" the carrier's right to a lien on the proceeds but only if the settlement has the approval of the court or commission after the carrier had been given notice of the proposed settlement and an opportunity to be heard. The court further held in *Billingsley* that the compensation carrier has no right to veto a settlement which it deems to be disadvantageous or not to its liking. There is no requirement that the injured employee make a "compelling showing" to justify his separate settlement with the defendants but the question of whether a proposed settlement should be approved is properly addressed to the discretion of the court in which the action is pending. The court in *Billingsley* did not lay down any guidelines to govern hearings on such petitions but determined that each case should be considered in the light of its own factual background.

Here the carrier had full notice of the proposed settlement and of the intent to seek the court's approval. It was present at the time the petition was presented for approval and afforded an opportunity to present such proof and factual background as it desired. The appellant did offer proof tending to show the amounts already paid by the appellant under the contract for medical expenses and compensation and the extent of its further potential liability for installments of weekly disability benefits. It further tended to show that there were only meager and unacceptable settlement negotiations regarding its subrogation. On the other hand there was evidence that the settlement as to

Keller was fair and reasonable and that Keller himself so asserted. The appellant argues in its brief that it gave them no opportunity in this settlement to recoup expenses incurred in preparation of trial. There was no support in the record by testimony or otherwise for this contention, if it be regarded as important.

The agreement entered into by Keller and the tort-feasors, and approved by the court, did not prejudice in any way the right of the appellant to pursue its claim against the tort-feasor. It contained an express provision preserving all such rights. Sweet Home Stone Company also agreed to indemnify Keller against any loss to him as a consequence of appellant's assertion of those rights in the future. Furthermore at the time this settlement was presented for approval Keller testified that he and his wife stood ready to testify on behalf of the appellant in their claim against the tort-feasors whenever it came up, and that they in no way wanted the settlement to reflect any reluctance on their part to fully cooperate with the carrier in that pursuit.

We find nothing unfair to the appellant in this settlement or that the court erred or abused its discretion in approving it.

Appellant finally contends that in the event this court upholds the settlement, it should order that appellant is entitled to pursue its subrogation claim against Sweet Home Stone Company in the name of Billy C. Keller. Such a motion has not been presented to or determined by the trial court, and therefore is not properly before us for review. As we exercise only appellate jurisdiction we decline to issue solely advisory opinions.

Affirmed.