BITUMINOUS INSURANCE COMPANY *v.*
GEORGIA-PACIFIC CORPORATION, SOUTHERN
CONTRACTORS, INC. and Lane E. COURSON and
Diane COURSON, His Wife

CA 81-8                                           620 S.W. 2d 304

Court of Appeals of Arkansas
Opinion delivered September 2, 1981

246

*Shackleford, Shackleford & Phillips, P.A.*, for appellant.

*Griffin, Rainwater & Draper*, for appellees.

LAWSON CLONINGER, Judge. On September 15, 1979, appellee Lane E. Courson was an employee of Arkansas-Oregon Pneumatics, Inc., when he was injured while working on a screw conveyor installation at the panel board mill of appellee Georgia-Pacific Corporation at Crossett, Arkansas. Arkansas-Oregon Pneumatics had contracted to perform the installation work for Georgia-Pacific, and appellee Southern Contractors, Inc. had contracted with Georgia-Pacific to perform the electrical work. Courson suffered an amputation of his right foot and of his left leg near the hip when the screw conveyor, for reasons unknown, became operational.

Appellant Bituminous Insurance Company, as workers' compensation carrier for Arkansas-Oregon Pneumatics, has paid Courson's medical and rehabilitation expenses in the sum of $12,356.00, and disability payments at the rate of $112.00 per week.

Georgia-Pacific and Southern Contractors, through their liability carrier, Hartford Insurance Company and its attorney, Richard Griffin, negotiated a conditional settlement of their possible liability with the Coursons, subject to

court approval. Thereafter, Hartford's attorney prepared a complaint for Lane E. Courson and Diane Courson which was filed on May 8, 1980, in Ashley County Circuit Court. The complaint named Georgia-Pacific and Southern Contractors as defendants, alleged that Lane Courson's injuries were caused by the negligence of the defendants, and asked for damages in excess of $1,000,000. On May 13, 1980, Hartford's attorney filed a general denial as attorney for the defendants, and on May 21, 1980, a joint petition for approval of compromise settlement was filed by Lane Courson and Diane Courson, the plaintiffs, and Richard Griffin, as attorney for Georgia-Pacific and Southern Contractors, the defendants.

The proposed settlement provided for the release of all claims and causes of action which the Coursons might have against Georgia-Pacific and Southern Contractors, for the consideration of the sum of $60,000 to be paid to the Coursons upon approval of the settlement, the further sum of $10,000 to be paid ten years from May 26, 1979, and the sum of $850.00 per month commencing May 26, 1980, and continuing during the lifetime of Lane Courson. The settlement proposal provided that if Lane Courson died prior to May 26, 1990, the $10,000 would be paid to his designated beneficiary, and that if Lane Courson died prior to the expiration of twenty years from May 26, 1980, the monthly payments would be paid to a designated beneficiary until the expiration of the twenty-year period.

The proposed settlement further provided that the consideration paid was to be free and clear of any claim or lien by Lane Courson's employer or its compensation carrier, and provided that any and all subrogation rights of the employer, Arkansas-Oregon Pneumatics, or its carrier, Bituminous Insurance Company, should be preserved and recognized.

Bituminous, the appellant herein, was given notice of the filing of the petition and notified of the time set for a hearing on the petition. Bituminous filed an intervention alleging, among other things, that the Court was without jurisdiction for the reason that there was no real controversy,

that the action was commenced solely to use the Circuit Court as a forum to present the joint petition, and that the nature and basis of the proposed settlement was required to be approved by the Workers' Compensation Commission.

On May 23, 1980, the trial court, after a hearing, entered an order approving the compromise settlement, and in its appeal of that order, appellant contends that a fictitious court action commenced under the direction of a third-party tortfeasor does not give the court jurisdiction to hear a petition for settlement "around" the compensation insurance carrier.

We hold that the decision of the trial court was correct and its order is approved.

The Arkansas Workers' Compensation Law provides for third-party liability. Ark. Stat. Ann. § 81-1340(a)(1) (Repl. 1976) provides that the making of a claim for workers' compensation shall not affect the right of the employee to make a claim or maintain an action in court against the third party, but is subject to the carrier's right to notice and intervention, and a lien upon two-thirds of the net recovery for payment of the compensation period paid and to be paid. Subsection (a)(2) provides that the commencement of an action against the third party, or the adjustment of any such claim, shall not affect the right of the employee to recover compensation, but the recovery shall be applied, after cost of collection, one-third in every case to the employee. The remainder, as necessary, is applied to discharge the actual amount of liability of the carrier, and the excess shall belong to the employee. Subsection (c) provides that settlement of such claims under subsections (a) and (b) must have the approval of the court or the commission, except that the distribution of that portion of the settlement which represents the compensation payable under the Act must have the approval of the Commission.

Appellant contends, first, that only the Commission can determine compensation payable in the future, but acknowledges that the Arkansas Supreme Court, in the case of *St. Paul Fire and Marine Insurance Company* v. *Wood*,

242 Ark. 879, 416 S.W. 2d 322 (1967), recognized the right of the employee and the third-party tortfeasor, with court approval, to settle "around" the employer and his carrier, if the settlement preserved the carrier's right to proceed against the tortfeasor. The principle set out in the *Wood* case was confirmed in *The Travelers Insurance Company* v. *McCluskey*, 252 Ark. 1045, 483 S.W. 2d 179 (1972) and in *Liberty Mutual Insurance Company* v. *Billingsley*, 256 Ark. 947, 511 S.W. 2d 476 (1974). In *Billingsley* the Court noted that it could not be said that the statute affords the carrier a veto of any compromise not to its liking, and that the question of whether the proposed settlement was approved was properly addressed to the discretion of the Court.

Appellant also contends that the Circuit Court was without jurisdiction in *this* case; that in this case there was no actual controversy because the claim had been settled before the complaint was filed; and that the action was a fictitious one commenced solely to give the Court jurisdiction to approve the settlement in order to avoid submitting the determination to the Commission. We cannot say that there was no actual controversy in this case. The settlement agreement was a conditional settlement contingent upon approval by the Court. The procedure followed was irregular, in that the Coursons were never represented by counsel, but we are aware of no statute or case law which requires representation. Evidence presented in the trial court reveals that the negotiations were underway for six weeks, and that the Coursons knew Richard Griffin was the attorney for Hartford. Lane Courson testified that he and his wife were told they could retain independent counsel, that it was their choice not to do so, and that he requested Richard Griffin to prepare the complaint which he and his wife filed. The trial court was aware that Richard Griffin represented Georgia-Pacific and Southern Contractors in the settlement proceeding and of the assistance given the Coursons by Richard Griffin in the preparation of the complaint. The trial court specifically found that the Coursons fully understood the terms of the proposed settlement, and that they believed the proposed settlement was to their best interest.

It is obvious upon examination of the trial court's

findings that the trial judge carefully scrutinized the proposed settlement and satisfied himself that it was a fair and equitable settlement for the Coursons. We, also, are convinced that the Coursons have not been taken advantage of, in view of the uncertainties of personal injury trials; the Coursons might have obtained a more favorable award from a jury, or they may have recovered nothing. The trial court found, and we agree, that under the terms of the proposed settlement the Coursons or their estate are guaranteed a minimum of $274,000; if Lane Courson lives his normal life expectancy of 42 years, the total payments to him would be $498,400. In addition, the Coursons will continue to receive workers' compensation benefits and they have no obligation for an attorney's fee.

We find no abuse of discretion by the trial court and the judgment is affirmed.

MAYFIELD, C.J., concurs.

MELVIN MAYFIELD, Chief Judge, concurring. I concur in the decision of the majority because it is based upon prior decisions of the Arkansas Supreme Court.

However, settlements "around" the workers' compensation carrier's lien involve practical, social, and legal problems which, I believe, need to be given new and careful consideration.

A motion was made in this court to certify this matter to the Arkansas Supreme Court and was overruled. In retrospect it appears to me that that motion should have been granted since this case involves a question of significant public interest.