COTTON PLANT PLYWOOD CORPORATION
and TRI-STATE INSURANCE COMPANY
*v.* Lloyd SPEED

CA 82-473                                          651 S.W.2d 470

Court of Appeals of Arkansas
Opinion delivered June 8, 1983

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellant.

*James P. Clouette,* for appellee.

DONALD L. CORBIN, Judge. This workers' compensation case was submitted to us on one brief only. The record reflects that appellee was injured when struck from behind on the head with a 2 x 4 board by a co-employee, Travis Paleafei. Mr. Paleafei confirmed striking appellee. He stated he felt as though some co-employees, including appellee, had picked on him, calling him names, possibly because he was a foreigner. Mr. Paleafei denied any specific provocation and testified that he suddenly "blew off and went and hit the first man I saw that was messing with me. It didn't mean that it had to be him, but he was the closest one to me, so I hit him." The appellee and other co-employees denied knowledge of any reason why Mr. Paleafei struck appellee. Appellee testified that he had even driven Mr. Paleafei home from work on occasion. We affirm the Commission's award of benefits.

Appellants, Cotton Plant Plywood Corporation and Tri-State Insurance Company, concede that appellee was injured in the course of his employment. However, they contend that there was no substantial evidence to support the finding that the injury arose out of the employment. Appellants assert that the assault arose for purely personal reasons and, therefore, did not arise out of the employment.

A case that is strikingly similar to the case at bar is *Townsend Paneling* v. *Butler,* 247 Ark. 818, 448 S.W.2d 347 (1969). There, the claimant testified that his co-employee offered to bet him a quarter that he had $3.00 worth of change in his pocket. The claimant refused the bet and stated to his co-employee that he should attend to his duties which

consisted of stacking lumber. The co-employee walked away and while the claimant's back was turned, the co-employee returned and struck the claimant with a 4 x 4 oak board causing severe injuries. The co-employee contradicted this version of the facts although he admitted to striking the claimant. The co-employee testified that the claimant had refused to pay off a bet and that the claimant had struck him first. The Supreme Court affirmed the Commission's award of benefits stating: "We have repeatedly held that it is within the province of the Commission to reconcile conflicting evidence and determine the true facts." The Court went on to state:

> When we review the evidence in the light most favorable to the Commission's findings, as we must do on appeal, we are in agreement with the Commission when it stated:
>
>> "***The record is clear that the claimant was an innocent victim of an intentional assault by a fellow employee and in resolving the inconsistencies in the testimony of the witnesses, we find that the employee was in the place where he was expected to be; that he was performing his regular duties; that there was no aggressive act on his part and the injury sustained by claimant was a result of his employment."

The Administrative Law Judge, in the case at bar, ruled: "Rather than conduct further analysis of the record in this case, suffice it to say that nothing in the record reflects that the claimant was either the aggressor or in any way provoked the assault. Claimant was simply the unfortunate victim of an unexplained assault." On appeal, the Commission affirmed and adopted the decision of the Administrative Law Judge in its entirety.

When we review the evidence in the light most favorable to the Commission's findings, as we must do on appeal, we are in agreement with the Commission when it stated:

> The Administrative Law Judge found, in effect, that the necessary elements to a determination of noncom-

pensability due to aggression by the claimant as a cause of the injury are absent in this case. Neither can we say that the evidence supports a finding that the claimant provided sufficient provocation to justify or explain the assault that resulted in claimant's injury.

We cannot say that there is no substantial evidence to support the Commission's findings. The Commission apparently believed the testimony of appellee and his witnesses to the effect that they knew of no reason for Mr. Paleafei to strike appellee and the Commission could just have easily not believed Mr. Paleafei's explanation. The Commission is the trier of fact and the sole judge of the credibility of the witnesses. *Morrow* v. *Mulberry Lumber Co.*, 5 Ark. App. 260, 635 S.W.2d 283 (1982).

Affirmed.

GLAZE, J., not participating.