JACKSON COOKIE COMPANY *v.* Bertha FAUSETT, et al.

CA 85-265                                      703 S.W.2d 468

Court of Appeals of Arkansas
Division II
Opinion delivered February 12, 1986
[Rehearing denied March 12, 1986.]

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, for appellant.

*Southern, Allen, East, James & Jones*, by: *Henry A. Allen*, for appellee.

DONALD L. CORBIN, Judge. This is an appeal of a decision by the Workers' Compensation Commission. The full Commission affirmed an order by the Administrative Law Judge which denied appellants' petition for a credit against benefits due appellee, the claimant, for sums recovered by appellee in settlement of a third-party action. Appellants claim that, under Ark. Stat. Ann. § 81-1340 (Supp. 1985), they were entitled to notice and an opportunity to intervene in the third-party action and that appellee failed to give appellants proper notice. Therefore, appellants assert, they have a right to a credit against the settlement entered into by appellee and the third-party. Appellants also claim that at the time of the settlement of the third-party tort action, they had not been held liable in the workers' compensation action; therefore, they assert, Ark. Stat. Ann. § 81-1340 did not require that they intervene in order to protect their rights to a credit.

The Arkansas Workers' Compensation Law provides for third-party liability in Ark. Stat. Ann. § 81-1340. This section provides that the making of a claim for workers' compensation shall not affect the right of the employee to make a claim or maintain an action in court against the third party, but is subject to the carrier's right to notice and intervention, and a lien upon two-thirds of the net recovery for payment of the compensation period paid and to be paid. Subsection (a)(2) provides that the commencement of an action against the third party, or the adjustment of any such claim, shall not affect the right of the employee to recover compensation, but the recovery shall be applied, after cost of collection, one-third in every case to the employee. The remainder, as necessary, is applied to discharge the actual amount of liability of the carrier, and the excess shall belong to the employee. Subsection (c) provides that settlement of such claims under subsections (a) and (b) must have the approval of the court or the Commission, except that the distribution of that portion of the settlement which represents the compensation payable under the Act must have the approval of

the Commission. *Bituminous Insurance Co.* v. *Georgia-Pacific Corp.*, 2 Ark. App. 245, 620 S.W.2d 304 (1981).

The full Commission found that appellants had actual knowledge of the on-going third-party suit and, by their failure to intervene in said suit, appellants are precluded from recovering any part of the settlement to appellee-claimant from the third-party tort claim. The Commission stated as follows:

This is a difficult case and we reluctantly affirm the Law Judge because we feel the respondents [appellants here] failed to assert their rights under Ark. Stat. Ann. § 81-1340 in a timely fashion. The respondents never undertook any action to intervene in the Georgia tort claim [the third-party action in this case]. It is clear from the Stipulation and Agreement that the Georgia action was settled in April, 1983, but the respondents did not learn of this settlement until November 11, 1983, *even though* the respondents had been in communication with the Georgia defense attorneys in the tort claim.

Not until June 11, 1984, did the respondents request the Administrative Law Judge for a credit pursuant to Section 40 [§ 81-1340]. We must agree with the Administrative Law Judge 'that the respondents in this case were effectively on notice that a third-party settlement was proceeding and given ample opportunity to intervene.'

. . . .

We also are not swayed by the respondents' argument that at the time the suit in Georgia was filed and the respondents subsequently learned of it, they had no standing to intervene as no final adjudication had been made as to their liability for the claimant's death. As soon as the respondents became aware of a third-party action, in order to protect their interests under Section 40, intervention in the Georgia action should have been attempted.

While we cannot say that affirmance of the Law Judge is the outcome we wish to obtain, we feel that in the face of all the evidence and especially in view of the length of time the respondents had in which to intervene in the Georgia action, this Commission, *under these specific*

*circumstances*, is compelled to affirm the Law Judge.

It is within the province of the Commission to reconcile conflicting evidence and determine the true facts. The Court of Appeals reviews the evidence in the light most favorable to the findings of the Workers' Compensation Commission and the Commission is the trier of fact and the sole judge of the credibility of the witnesses. *Cotton Plant Plywood Corp.* v. *Speed*, 8 Ark. App. 326, 651 S.W.2d 470 (1983).

The Arkansas Supreme Court has interpreted Ark. Stat. Ann. § 81-1340 in *Travelers Insurance Co.* v. *McCluskey*, 252 Ark. 1045, 483 S.W.2d 179 (1972). Appellee McCluskey drew workers' compensation benefits from his employer's insurance carrier, Travelers Insurance Company, for injuries sustained when a wrench he was using broke. McCluskey settled a third-party tort action arising out of the compensable injury. He subsequently filed for additional workers' compensation benefits. The compensation carrier, Travelers, sought a credit for the proceeds McCluskey received in the third-party settlement. The Workers' Compensation Commission ruled in favor of McCluskey, holding that Travelers had notice of the third-party action but did not intervene, and therefore had no lien against the proceeds of the third-party settlement. The Arkansas Supreme Court affirmed the decision of the Commission, stating as follows:

> Since the statutory purpose of § 81-1340 is to protect the rights of both the compensation carrier and the employee, we . . . require that as between the employer (or carrier) and employee, the proceeds of *any* compromise settlement of a tort claim be subject to the lien of the employer or the compensation carrier unless the settlement has been approved by a court having jurisdiction or by the Workmen's Compensation Commission, after the compensation carrier has been afforded adequate opportunity to be heard.

*McCluskey*, 252 Ark. at 1052, 483 S.W.2d at 183-184.

Ark. Stat. Ann. § 81-1340 creates a right of repayment in the employer, or insurance carrier, out of the proceeds which may be asserted by intervening in the third-party action brought by the employee. In our view, neither the employer nor its

insurance carrier is admitting liability when it intervenes in the third-party action. By intervening under § 81-1340, they are merely preserving their right to a lien to 2/3 of the proceeds paid to the employee-claimant as a credit against their compensation exposure. In the instant case, the employer and its insurance carrier were already exposed to liability because the workers' compensation claim had been filed against them. To reserve their right to a credit under § 81-1340, it was essential for them to intervene in appellee's third-party action.

■ The language of § 81-1340 supports this interpretation. The statute provides in pertinent part:

> **Third party liability. — (a) Liability unaffected.** (1) The making of a claim for compensation against any employer or carrier for the injury or death of an employee shall not affect the right of the employee, or his dependents, to make claim or maintain an action in court against any third party for such injury, but the employer or his carrier shall be entitled to reasonable notice and opportunity to join in such action. If they, or either of them, join in such action they shall be entitled to a first lien upon two thirds [2/3] of the net proceeds recovered in such action that remain after the payment of the reasonable costs of collection, for the payment to them of the amount paid and to be paid by them as compensation to the injured employee or his dependents.
>
> . . . .
>
> **(c) Settlement of claims.** Settlement of such claims under subsections (a) and (b) of this section must have the approval of the Court or of the Commission, except that the distribution of that portion of the settlement which represents the compensation payable under this act must have the approval of the Commission. . . .

Where the employee has made a claim under the Workers' Compensation Act and the employer or carrier has had reasonable notice and an opportunity to join in a third-party action, we hold that the employer and its carrier must intervene in a third-party action to have a right to a credit, whether or not the liability of the employer or the carrier has been determined. Therefore, we

affirm the decision of the Arkansas Workers' Compensation Commission.

Affirmed.

CRACRAFT, C.J., and GLAZE, J., agree.