Harold WIENER;

Susan Calhoun, Appellant,

v.

Edward W. ROTH; D.J. Noble; John P. Ashton; Simon W. Casady; H.E. Clendenen; W.O. Conyers; George B. O'Neill; and The Statesman Group, Inc., Appellees.

No. 85–2175.

United States Court of Appeals, Eighth Circuit.

Submitted April 17, 1986.
Decided May 28, 1986.

William R. Stengel, Jr., Rock Island, Ill., for appellant.

David J. Bershad, New York City, for Weiner.

David L. Phipps, Des Moines, Iowa, for Noble, et al.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Susan Calhoun appeals from a district court order approving the settlement of a shareholder's derivative suit under Fed.R. Civ.P. 23.1. We affirm.

In 1982 Harold Wiener, a Statesman Group, Inc. (Statesman) stockholder, brought this shareholder's derivative action in federal district court on behalf of Statesman and its shareholders against Edward Roth, Statesman's former chairman of the board, and several other Statesman board members. Wiener alleged that Roth and the other board members breached their fiduciary duties to Statesman and wasted corporate assets by having Statesman purchase Roth's 600,000 shares of common stock for $10 million when the market value of the shares was less than $4 million. Wiener alleged that the defendants further violated their fiduciary duties by causing Statesman to sell one of its subsidiary companies for an unfavorable price to fund the purchase of Roth's stock.

Roth and the other board members denied all allegations of wrongdoing. They argued that Roth had received a $10 million offer for his stock from ICH Corporation (ICH), and that they believed the sale of Roth's stock to ICH would be detrimental to Statesman, its employees, and its shareholders. Thus, they contended that it was in Statesman's best interest to meet ICH's $10 million offer and purchase Roth's stock for itself.

Wiener actively pursued his claims and engaged in substantial discovery. While this discovery was in process, Calhoun, the owner of six Statesman shares, filed a derivative action in Iowa state court challeng-ing Statesman's purchase of Roth's stock. She contended that under Iowa law the purchase was an illegal sale of corporate control and a misappropriation of corporate funds for the personal benefit of States-man's management. The state court stayed Calhoun's action pending the out-come of Wiener's lawsuit.

After engaging in extensive discovery, Wiener and the defendants began settle-ment negotiations, and eventually entered into a settlement agreement. Calhoun then moved for leave to intervene as a plaintiff in Wiener's action, raising the same theories of recovery she raised in her state court action. The district court granted her motion to intervene.

On June 28, 1985, Wiener motioned for approval of the proposed settlement under Fed.R.Civ.P. 23.1. Notice of the proposed settlement was sent to Statesman's 5500 shareholders. Only four shareholders objected to the settlement, including Calhoun. The district court held a hearing on the proposed settlement, and determined that it was fair, reasonable, and adequate. Accordingly, the district court entered an order approving the settlement.

Calhoun appeals contending that the district court abused its discretion in approving the settlement. Specifically, she argues that the district court should have applied Iowa, rather than Delaware, law in considering the strength of the shareholders' claims.

We will intervene to set aside a judicially approved settlement only when the party challenging that settlement clearly shows that the district court abused its discretion. *Elliott v. Sperry Rand Corp.,* 680 F.2d 1225, 1227 (8th Cir.1982) (quoting *Grunin v. International House of Pancakes,* 513 F.2d 114, 123 (8th Cir.), *cert. denied,* 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975)). In determining whether a district court judge has abused his discretion, "[g]reat weight is accorded his views because he is exposed to the litigants, and their strategies, positions and

proofs. He is aware of the expense and possible legal bars to success. Simply stated, he is on the firing line and can evaluate the action accordingly." *Grunin*, 513 F.2d at 123 (quoting *Ace Heating & Plumbing Co. v. Crane Co.*, 453 F.2d 30, 34 (3d Cir. 1971)).

The district court determined that because Statesman is a Delaware corporation, and because the defendants' allegedly improper acts were performed while they were acting in their official capacities, the Iowa choice-of-law rules required that Delaware law be applied in evaluating the strength of the shareholders' claims. The district court observed that Delaware law was unfavorable to these claims. The court further noted that even if Iowa law were to apply, as Calhoun contended, her prospects of success were weak. In addition to the uncertainty of prevailing on the merits, the district court compared the damages the shareholders could reasonably expect to recover if they did prevail, with the expenses they would incur in a trial and on appeal. The district court also noted that only four of Statesman's 5500 shareholders objected to the settlement, and only Calhoun appeared at the hearing to present her objections, even though Calhoun failed to conduct any discovery or to review any of Wiener's discovery materials.

 Having heard the parties' arguments, and reviewed their appellate briefs, we conclude that Calhoun has failed to show that the district court abused its discretion in approving the settlement agreement. Accordingly, we affirm.