JOHN GARNER MEATS and Silvey Companies *v.* Gerald AULT

CA 91-209                                    828 S.W.2d 866

Court of Appeals of Arkansas
Division I
Opinion delivered May 6, 1992

*Dailey, West, Core, Coffman & Canfield*, by: *Eldon F. Coffman* and *Douglas M. Carson*, for appellants.

*Nolan & Caddell, P.A.*, by: *Bennett S. Nolan*, for appellee.

JUDITH ROGERS, Judge. The appellants, John Garner Meats and its insurer, Silvery Companies, appeal from a decision of the Arkansas Workers' Compensation Commission denying their claim of entitlement to proceeds from a settlement reached by appellee and a third-party tortfeasor. The issue on appeal is whether appellants can claim a lien or credit against the proceeds when they failed to intervene in the third-party action. We affirm the Commission's decision.

On October 2, 1987, appellee, Gerald Ault, was injured during the course and scope of his employment with John Garner Meats. His claim was accepted as compensable, and benefits were paid accordingly. Thereafter, appellee filed a lawsuit in the Circuit Court of Crawford County against a third-party in connection with the injury. Appellants had notice of the third-party action, and demand was made upon them to assist in the prosecution of the suit. However, a claims representative with the insurance carrier assessed appellee's chances of recovery as "slim," and appellant declined to either intervene or participate in the lawsuit. The third-party action was settled for the sum of $20,000, and on September 15, 1989, the circuit judge entered an order dismissing the case. Appellants did present a belated motion to intervene, but no action was taken on the motion by the circuit court.[1] Thereafter, appellants pursued their claim to the settlement proceeds before the Commission, which ruled that they were not entitled to a lien or credit from the settlement funds.

---

[1] Appellants have submitted a motion before this court to supplement the record with a file-marked copy of their motion to intervene. We simply note that a belated motion to intervene was filed and consider appellants' motion to supplement the record as moot.

It is from the order incorporating this finding that appellants bring this appeal.

The issues in this case are centered upon Ark. Code Ann. § 11-9-410 (1987). Subsection (a)(1) of this statute, which is applicable under the facts of this case, recognizes the employee's common law right to maintain a tort action against a third party, as unaffected by the making of a claim for compensation benefits against the employer. *See St. Paul Fire & Marine Ins. Co.* v. *Wood*, 242 Ark. 879, 416 S.W.2d 879 (1967). This subsection also provides that the employer and its carrier are entitled to reasonable notice and opportunity to join in the action, and that they are entitled to a lien against the proceeds recovered in the action if they, or either of them, join in the action. Subsection (b) of Ark. Code Ann. § 11-9-410 sets out the employer or the carrier's right of subrogation, giving them the right to bring an action against any third party responsible for the employee's injury. Subsection (c) of the statute provides that the settlement of claims must have the approval of the court or commission.

On appeal, appellants contend that they are entitled to a lien or set-off against compensation benefits from the proceeds of the settlement because appellee did not obtain court or commission approval of the settlement, and also because their subrogation rights were not preserved in the settlement. We hold that appellants waived their right to claim a lien or credit against the settlement proceeds by failing to intervene in the third-party action, notwithstanding the absence of approval or the preservation of their subrogation rights.

We have held that the right to claim a lien or credit under Ark. Code Ann. § 11-9-410 is preserved by intervening in the action. *Jackson Cookie* v. *Fausett*, 17 Ark. App. 76, 703 S.W.2d 468 (1986). In *Jackson Cookie, supra*, we said:

> Where the employee has made a claim under the Workers' Compensation Act and the employer or carrier has had a reasonable opportunity to join in the third-party action, we hold that the employer and its carrier *must intervene in a third-party action to have a right to credit*, whether or not the liability of the employer or the carrier has been determined.

*Id.* at 81,703 S.W.2d at 471 (emphasis supplied). In this case, appellants had notice and the opportunity to join in the lawsuit, but they made the calculated decision not to intervene. Consequently, their right to share in the proceeds of the settlement was not preserved and they are not entitled to claim a lien or credit against the $20,000 received in the settlement.

■ We are not persuaded that appellee's failure to obtain approval or preserve appellants' right of subrogation alters this result. We can agree with appellants' position that Ark. Code Ann. § 11-9-410(c) is controlling and requires that either court or commission approval be obtained upon settlements of third-party actions. Such approval is meant is ensure that the various rights of the parties are protected. *See Liberty Mutual* v. *Billingsley*, 256 Ark. 947, 511 S.W.2d 476 (1974); *Travelers Insurance Co.* v. *McCluskey*, 252 Ark. 1045, 483 S.W.2d 179 (1972). However, appellants cannot be heard to complain about the lack of approval in claiming entitlement to a lien without first having preserved the right to a lien by intervening in the third party lawsuit. By failing to intervene, appellants waived this right that the statute was designed to protect. With regard to appellee's failure to reserve appellants' right of subrogation, appellants have pointed to no authority which requires an employee to protect this right for them. Furthermore, appellants have not demonstrated how the appellee's failure to do so would resurrect their entitlement to a lien which was waived when appellants did not intervene in the lawsuit. In sum, appellants did nothing to preserve their rights, and we cannot disagree with the Commission's decision that they are not entitled to credit against the proceeds of the settlement.

Affirmed.

COOPER, and JENNINGS, JJ., agree.