Joanne WENTWORTH *v.* SPARKS REGIONAL MEDICAL CENTER

CA 96-1496                                                    950 S.W.2d 221

Court of Appeals of Arkansas
Division III
Opinion delivered August 27, 1997

*Walker, Shock & Harp, P.L.L.C.*, by: *Eddie H. Walker, Jr.*, for appellant.

*Jones Law Firm*, by: *Charles R. Garner, Jr.*, for appellee.

JOHN E. JENNINGS, Judge. The claimant in this workers' compensation case appeals from the Commission's order, which found that the respondent was entitled to a credit based upon a settlement entered into between the claimant and a third-party tortfeasor. Claimant argues that the Commission erred in allowing the credit. We disagree and affirm.

Joanne Wentworth was on her way to work at Sparks Regional Medical Center on August 17, 1992, when, while walking across the street between the parking lot and the hospital entrance, she was hit by a car driven by Emma Jo Couthern and was injured. In December 1992, she filed a claim for workers' compensation benefits, which was fully controverted by the respondent. The issue of compensability was finally determined by this court in a decision handed down March 5, 1995.[1] On May 14, 1993, while the compensation claim was still pending, claimant settled with Emma Jo Couthern and her liability carrier for $50,000.00.

Claimant and respondent stipulated before the Commission that, prior to the third-party settlement, respondent's attorney was aware that Couthern had insurance coverage on the automobile

---

[1] *Wentworth v. Sparks Regional Medical Center*, 49 Ark. App. 10, 894 S.W.2d 956 (1995).

that struck claimant and that claimant had retained counsel to represent her in a third-party claim. Neither claimant nor her attorneys notified the respondent or its attorney of the third-party settlement until after it had been agreed on. The release that was executed in regard to the settlement failed to reserve and protect any subrogation or lien rights of the respondent in the event the compensation claim was allowed. The release operated as a bar to any action by the respondent against Couthern and her liability insurance carrier. The settlement was not approved by any court or by the Commission. Claimant never filed a lawsuit against Couthern or her liability carrier.

Arkansas Code Annotated section 11-9-410 (1987), in effect at the time of claimant's injury, provided:

(a) LIABILITY UNAFFECTED.

(1) The making of a claim for compensation against any employer or carrier for the injury or death of an employee shall not affect the right of the employee, or his dependents, to make claim or maintain an action in court against any third party for the injury, but the employer or his carrier shall be entitled to reasonable notice and opportunity to join in the action. If they, or either of them, join in the action, they shall be entitled to a first lien upon two-thirds (2/3) of the net proceeds recovered in the action that remain after the payment of the reasonable costs of collection, for the payment to them of the amount paid and to be paid by them as compensation to the injured employee or his dependents.

(2) The commencement of an action by an employee or his dependents against a third party for damages by reason of an injury to which this chapter is applicable, or the adjustment of any claim, shall not affect the rights of the injured employee or his dependents to recover compensation, but any amount recovered by the injured employee or his dependents from a third party shall be applied as follows:

(A) Reasonable costs of collection shall be deducted;

(B) Then, in every case, one-third (1/3) of the remainder shall belong to the injured employee or his dependents, as the case may be;

(C) The remainder, or so much as is necessary to discharge the actual amount of the liability of the employer and the carrier; and

(D) Any excess shall belong to the injured or his dependents.

(b) SUBROGATION.

(1) An employer or carrier liable for compensation under this chapter for the injury or death of an employee shall have the right to maintain an action in tort against any third party responsible for the injury or death.

(2) After reasonable notice and opportunity to be represented in the action has been given to the compensation beneficiary, the liability of the third party to the compensation beneficiary shall be determined in the action as well as the third party's liability to the employer and carrier.

(3) After recovery shall be had against the third party, by suit or otherwise, the compensation beneficiary shall be entitled to any amount recovered over and above the amount that the employer and carrier have paid or are liable for in compensation, after deducting reasonable costs of collection. In no event shall the compensation beneficiary be entitled to less than one-third (1/3) of the amount recovered from the third party, after deducting the reasonable cost of collection.

(c) SETTLEMENT OF CLAIMS.

(1) Settlement of claims under subsections (a) and (b) of this section must have the approval of the court or of the commission, except that the distribution of that portion of the settlement which represents the compensation payable under this chapter must have the approval of the commission.

(2) Where liability is admitted to the injured employee or his dependents by the employer or carrier, no cost of collection shall be deducted from that portion of the settlement under subsections (a) or (b) of this section representing compensation, except upon direction and approval of the commission.

In *St. Paul Fire & Marine Ins. Co. v. Wood*, 242 Ark. 879, 416 S.W.2d 322 (1967), the supreme court construed Ark. Stat. Ann. § 81-1340 (Repl. 1960) (the predecessor to Ark. Code Ann. § 11-

9-410 (1987)) to allow an employee to settle his common-law cause of action in negligence against a tortfeasor free of any claims of his employer's workers' compensation carrier where the settlement documents specifically preserved all rights of the carrier. In that case, the compensation carrier had provided benefits to the injured employee and intervened in the employee's action against the tortfeasor. While the injured employee and the tortfeasor could agree on what they considered a fair settlement, the tortfeasor and compensation carrier could not agree on a settlement of the carrier's subrogation claim.

In *Travelers Ins. Co. v. McCluskey*, 252 Ark. 1045, 483 S.W.2d 179 (1972), the compensation carrier paid benefits to the injured employee, who later sued third-party tortfeasors. Although there were conversations and correspondence between the compensation carrier's attorney and the employee's attorney, the compensation carrier did not intervene and received no notice of an offer and settlement between one of the tortfeasors and the employee. The release preserved the compensation carrier's subrogation rights. The supreme court, while holding that the compensation carrier was not entitled to a lien upon the settlement proceeds because it did not intervene in the employee's action against the tortfeasors, recognized that "[f]undamental fairness, justice and reason dictate that [Ark. Stat. Ann. § 81-1340] subsection (c) should apply to any settlement[,]" and held:

> Since the statutory purpose of § 81-1340 is to protect the rights of both the compensation carrier and the employee, we shall hereafter interpret *Wood* to require that as between the employer (or carrier) and employee, the proceeds of *any* compromise settlement of a tort claim be subject to the lien of the employer or the compensation carrier unless the settlement has been approved by a court having jurisdiction or by the Workmen's Compensation Commission, after the compensation carrier has been afforded adequate opportunity to be heard.

252 Ark. at 1052.

In *Jackson Cookie Co. v. Fausett*, 17 Ark. App. 76, 703 S.W.2d 468 (1986), the employer sought a credit against the settlement of a tort action entered into by the employee and a third party. The

Commission found that the employer had actual knowledge of the ongoing third-party action and, by failing to intervene, was precluded from recovering any part of the settlement. This court affirmed, stating:

> Where the employee has made a claim under the Worker's Compensation Act and the employer or carrier has had reasonable notice and an opportunity to join in a third-party action, we hold that the employer and its carrier must intervene in a third-party action to have a right to a credit, whether or not the liability of the employer has been determined.

17 Ark. App. at 81.

In *John Garner Meats v. Ault*, 38 Ark. App. 111, 828 S.W.2d 866 (1992), the employer and its carrier paid benefits for the employee's compensable injury. The employee filed suit against a third-party tortfeasor, giving his employer and its carrier notice of the suit and making demand that they assist in prosecution of the suit. They declined to intervene or participate. The employee's third-party action settled and the Commission ruled that the employer and its carrier were not entitled to a lien or credit from the settlement funds. The employer and carrier appealed, arguing that they were entitled to a lien because the employee did not obtain court or Commission approval of the settlement and also because their subrogation rights were not preserved in the settlement. We held that, while Ark. Code Ann. § 11-9-410(c) (1987) was controlling and required court or Commission approval of settlement of such third-party actions, that approval was meant to protect the various rights of the parties, and by failing to intervene the employer and its carrier had waived the rights that the statute was designed to protect.

In the case at bar, the Commission's opinion reviews the statute and the applicable case law, and then states:

> Thus, where the employee and third-party tortfeasor propose a settlement *after* the claimant has filed a claim for workers' compensation benefits, as in the present case, the employee and third party may only settle around the employer or carrier's right to a lien on settlement proceeds received by the employee where at least three conditions are met:

(1) The settlement agreement between the employee and the third party must protect the statutory right of the employer or carrier to pursue an action against the third party tortfeasor. *Wood, supra.*

(2) The employer or carrier must be provided reasonable notice of the proposed settlement and an opportunity to be heard. *McCluskey, supra.*

(3) The settlement agreement must be approved by a court or by the Commission. *Id.*

However, in *John Garner Meats v. Ault*, 38 Ark. App. 111, 828 S.W.2d (1992), the Arkansas Court of Appeals held that an employer or carrier waives its protection to have an agreement approved by the Commission or a court of competent jurisdiction unless the carrier or employer first intervenes in an ongoing third-party lawsuit even where the settlement agreement between the employee and the third party extinguishes the employer's right of subrogation. *Id.*

We find that the present case is clearly distinguishable from *Ault, McCluskey,* and *Fausett.* In those three cases, the carrier or employer was provided actual notice of a lawsuit filed in court, and simply chose not to intervene in the ongoing lawsuit. In the present case, however, the claimant settled her claim against the tortfeasor and terminated the respondent's statutory right of subrogation without ever filing an action in *any* Court.

. . . .

In short, the stipulated facts indicate that the claimant entered into a settlement agreement which terminated the respondent's subrogation rights against the third-party tortfeasor. The claimant did not file an action in court prior to entering the settlement agreement, and the settlement agreement was not approved by the Commission or a court of competent jurisdiction. In addition, the claimant's failure to institute judicial proceedings prior to entering a settlement agreement with the third party denied the respondents their statutory right to reasonable notice and an opportunity to intervene in an action in court to preserve their statutory lien under the provisions of Ark. Code Ann. § 11-9-410(a)(1) (1987). Therefore, after a *de novo* review

of the entire record, and for the reasons discussed herein, we find that, under the facts presented in the present case, the respondent is entitled to a credit to the extent of the lien provided for in Ark. Code Ann. § 11-9-410(a)(1) (1987).

On appeal, the claimant argues that here the employer had actual knowledge of the third-party claim against the tortfeasor but failed to take any action to preserve its right to a credit against the settlement. She argues that an employer's ability to protect its subrogation rights is not dependent on whether the injured employee files a lawsuit, and that the absence of a lawsuit in which the employer could intervene should not excuse the employer's failure to take any action to protect its subrogation rights. Claimant suggests that "a determination should be made in regard to what action is required to preserve an employer's subrogation interest in a third-party case once that employer has actual knowledge of the existence of the third-party claim."

The "determination" that appellant seeks is readily disclosed by reviewing § 11-9-410 (1987) and the case law, as the Commission's opinion in this case makes apparent. The statutory purpose of Ark. Code Ann. § 11-9-410 is to protect the rights of both the compensation carrier and the employee. If there is an action by the employee against a third party in which the employer or carrier can intervene, they are entitled to reasonable notice and opportunity to join in the action; failure to do so waives their rights. *See* Ark. Code Ann. § 11-9-410(a)(1) (1987); *John Garner Meats v. Ault*, 38 Ark. App. 111, 828 S.W.2d 866 (1992). The proceeds of any compromise settlement of a tort claim is subject to the lien of the employer or compensation carrier unless the settlement has been approved by a court having jurisdiction or by the Commission after the carrier has been afforded an adequate opportunity to be heard. *See* Ark. Code Ann. § 11-9-410(c) (1987); *Travelers Ins. Co. v. McCluskey*, 252 Ark. 1045, 483 S.W.2d 179 (1972).[2]

---

[2] Since the time of claimant's injury, an addition has been made to subsection (c) of the Code to make this even more explicit:

(c)(3) No party shall settle a claim under subsections (a) and (b) of this section without first giving three (3) days' written notice to all parties with an interest in

The Commission's decision is affirmed.

MEADS and ROAF, JJ., agree.

the claim of the intent to settle. Each party with an interest in a claim under subsections (a) and (b) shall cooperate with all other parties in litigation or settlement of such claims.

