# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 01-2883

_____

| | | |
|---|---|---|
| Bobby D. Smith; Delores Smith, | * | |
| | * | |
| Plaintiffs/Appellees, | * | |
| | * | |
| Great Lakes Chemical Corp., | * | Appeal from the United States |
| | * | District Court for the Western |
| Intervenor Plaintiff/ | * | District of Arkansas. |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Chemical Leaman Tank Lines, Inc., | * | |
| | * | |
| Defendant/Appellee. | * | |

_____

Submitted: January 14, 2002
Filed: March 27, 2002

_____

Before LOKEN, RICHARD S. ARNOLD, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

During the course of his employment for Great Lakes Chemical Corp. (Great Lakes), Bobby D. Smith was injured while unloading a truck owned by Chemical Leaman Tank Lines, Inc. (Chemical Leaman). Smith and his wife brought this

negligence action against Chemical Leaman,[1] and Great Lakes intervened. The plaintiffs and Chemical Leaman agreed to a settlement over the objection of Great Lakes, which claimed a lien on any recovery because of workers compensation benefits paid to Smith. See Ark. Code Ann. § 11-9-410(a)(1). The case was dismissed without prejudice subject to the terms of the settlement, and Great Lakes moved for reconsideration and argued that the other parties had impermissibly settled around its lien. The district court[2] denied the motion, and Great Lakes appealed. We affirm.

Smith was employed as a utility operator at the Great Lakes facility in Union County, Arkansas. On April 9, 1997, Chemical Leaman delivered a tank trailer containing pthalic anhydride to that facility. Smith was responsible for hooking a line to the tank trailer and injecting it with nitrogen in order to provide sufficient pressure to drain the pthalic anhydride. He alleged that the Chemical Leaman driver negligently left the hatch of the tank trailer sealed and that it blew open from accumulated pressure and struck Smith in the face, knocking him off the truck. He suffered a concussion, broken bones, lost teeth, and impaired eyesight. Great Lakes has paid Smith workers compensation benefits[3] and intervened under Ark. Code Ann. § 11-9-410(a)(1) to claim a lien on any recovery in this action.

Arkansas has a judicial doctrine under which an injured employee and a third party tortfeasor may "settle around" an employer's statutory lien provided that its subrogation rights are preserved, see St. Paul Fire & Marine Ins. Co. v. Wood, 242

---

[1] The Smiths also sued Aristech Chemical Corporation, the manufacturer of the pthalic anhydride, but it was granted summary judgment and dismissed on December 20, 2000.

[2] The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

[3] As of April 1, 2001, $101,026.58 had been paid to Smith.

Ark. 879 (1967), and the Smiths and Chemical Leaman reached such a settlement. Chemical Leaman agreed to pay plaintiffs $500,000 clear of Great Lakes' lien, to preserve Great Lakes' rights of subrogation, and to waive any procedural defenses to an action by Great Lakes for a period of one year from the date that plaintiffs' claims were dismissed. Great Lakes voiced its objection to the settlement but agreed to waive its right to a three day written notice of intent to settle, under Ark. Code Ann. § 11-9-410(c)(3). Great Lakes also requested and received assurances that Smith would willingly participate in any action it might bring against Chemical Leaman. The settlement was approved by a magistrate judge, and this case was dismissed without prejudice by the district court on May 16, 2001. Great Lakes filed a motion for reconsideration, arguing that 1993 amendments to the Arkansas workers compensation statute had eliminated the settle around doctrine. The district court denied the motion, and Great Lakes appealed.

Great Lakes argues that the standard of review is de novo in this diversity case involving issues of Arkansas law. See Salve Regina College v. Russell, 499 U.S. 225, 231 (1991); Canal Ins. Co. v. Ashmore, 126 F.3d 1083, 1085 (8th Cir. 1997). Appeals from orders approving settlement terms or denying reconsideration are generally reviewed for abuse of discretion. See Wiener v. Roth, 791 F.2d 661, 662 (8th Cir. 1986) (per curiam) (approval of settlement); Harris v. Ark. Dept. of Human Services, 771 F.2d 414, 417 (8th Cir. 1985) (motion for reconsideration). A district court abuses its discretion if it applies the incorrect law. Emery v. Hunt, 272 F.3d 1042, 1046 (8th Cir. 2001).

The Arkansas workers compensation statute authorizes an employee who receives workers compensation for injuries caused by third parties to bring a separate action against them. Ark. Code Ann. § 11-9-410(a)(1)(A). The statute also grants the employer or workers compensation carrier "a first lien upon two-thirds (2/3) of the net proceeds recovered" in such an action as reimbursement for "the amount paid and to be paid by them as compensation to the injured employee." Ark. Code Ann. § 11-

9-410(a)(1)(B) (emphasis added). The Arkansas Supreme Court has interpreted the statutory words "net proceeds recovered" to exclude settlement proceeds, thus enabling employees and third party tortfeasors to settle around an employer's lien so long as its subrogation rights are preserved. Wood, 242 Ark. at 887-89. The supreme court subsequently ruled that such a settlement must be approved by a court or by the Workers Compensation Commission, and that an employer must receive notice and an opportunity to be heard at any settlement hearing. Travelers Ins. Co. v. McCluskey, 252 Ark. 1045, 1052 (1972). Although entitled to notice, an employer cannot veto settlements. Liberty Mut. Ins. Co. v. Billingsley, 256 Ark. 947, 950 (1974). The settle around doctrine was repeatedly upheld in cases before the amendments in 1993. See, e.g., Commercial Union Ins. Co. v. Suitt Constr. Co., 673 F. Supp. 320, 326 (E.D. Ark. 1987); New Hampshire Ins. Co. v. Keller, 3 Ark. App. 81, 87 (1981); Bituminous Ins. Co. v. Georgia-Pacific Corp., 2 Ark. App. 245, 249 (1981).

The Arkansas legislature amended the workers compensation statute in 1993, at least partly because courts had "continually broadened the scope and eroded the purpose of the Workers' Compensation statutes of this state." Act 796, § 35, 1993 Ark. Acts 2255 (codified at Ark. Code Ann. § 11-9-1001). The amendments were intended to "repeal, annul, and hold for naught all prior opinions or decisions of any...courts of this state contrary to or in conflict with any provision in this act." Id. at 2256. The amendments do not mention Wood or the settle around doctrine itself.

Great Lakes argues that a number of the 1993 amendments are inconsistent with Wood and undercut its authority.[4] The amended statute seeks "to prevent double payment to the employee," Ark. Code Ann. § 11-9-410(b)(5), and Great Lakes says

---

[4] Great Lakes also points out that amended § 11-9-410, as originally enacted, stated that the amendments sought "to annul any and all case law inconsistent herewith." Act 796, § 14, 1993 Ark. Acts 2226 (adding Ark. Code Ann. § 11-9-410(c)(4)). That statement was not codified, however.

-4-

that the settle around doctrine involves double payment because of the possibility an employee could receive both workers compensation and tort damages. The amended statute mandates cooperation among all parties in any litigation or settlement of claims, Ark. Code Ann. § 11-9-410(c)(4), and Great Lakes argues that Wood and its progeny prevent such cooperation because an employer is unable to veto settlements. Great Lakes states that previously courts were instructed to interpret the statute "liberally, in accordance with the chapter's remedial purposes," Ark. Code Ann. § 11-9-704(c)(3) (1991), but the amended version calls for it to be interpreted "strictly," Ark. Code Ann. § 11-9-704(c)(3). Great Lakes contends that Wood used a technical definition of recovery to interpret § 11-9-410 instead of strictly construing it. It also contends that the settle around doctrine undermines the goal of the 1993 amendments to reduce costs, see Act 796, § 1, 1993 Ark. Acts 2190 (codified at Ark. Code Ann. § 11-9-101(b)), because it overcompensates plaintiffs and hinders the recoupment of workers compensation expenditures from third party tortfeasors. Finally, Great Lakes cites an unpublished district court order granting a motion that it declare that a carrier's statutory lien may attach to settlement proceeds under the 1993 amendments. Contreras v. Columbia Machine, Inc., No. LR-C-98-512 (E.D. Ark. Sept. 16, 1999) (unpublished order).

Plaintiffs respond that the 1993 amendments did not materially alter § 11-9-410, that Wood was not one of the cases expressly mentioned and undercut by the amendments, and that Arkansas Supreme Court decisions since 1993 imply that the settle around doctrine remains valid.

A careful examination of the statute as amended is necessary to decide this appeal, and such an examination reveals that some of the claims made about the amendments are not persuasive. The Arkansas statute expressly authorizes employees to recover both tort damages and workers compensation, see Ark. Code Ann. § 11-9-410(a)(1)(A), -410(b)(3), and recovery of both is not necessarily double compensation to an employee. The statute as interpreted by the Arkansas courts also

protects employers by preserving their subrogation rights, giving them notice and opportunity to participate in any settlement, and requiring settlement approval by a court or the Workers Compensation Commission. See Wentworth v. Sparks Reg'l Med. Ctr., 58 Ark. App. 242, 247-48 (1997) (employer entitled to lien on settlement if these conditions not met). An employer's subrogation rights are thus protected, and an employee is not overcompensated at its expense. See, e.g., Vanderpool v. Fidelity & Casualty Ins. Co., 327 Ark. 407, 415 (1997) ("The purpose in allowing an insurance carrier and an employer to pursue an action in tort against a third party is to ensure that the employee is not doubly compensated to the detriment of the employer and insurance carrier and, ultimately, the consuming public."). The settlement in this case satisfied these requirements.

Great Lakes claims that the statutory duty of cooperation, see Ark. Code Ann. § 11-9-410(c)(4), is not advanced by the settle around doctrine because employers have no meaningful power to influence settlement negotiations between employees and third party tortfeasors. See Liberty Mut. Ins., 256 Ark. at 950 (denying insurance carriers veto power over settlements). Compelling parties to cooperate in any litigation or settlement is not inconsistent with the settle around doctrine and should benefit employers, who must rely upon the testimony of the injured employee to vindicate their subrogation rights. Injured employees may be disinclined to cooperate in litigation after settling their own claims. Compulsory cooperation may improve an employer's chances to prevail against the tortfeasor, especially if the employer chooses to litigate its subrogation claims in a venue where the employee cannot be compelled by process to testify. Furthermore, the amendments did not indicate disapproval of the judicial rule denying a veto power.

Great Lakes argues that the amendment of § 11-9-704(c)(3) requires courts to construe the statute strictly and was intended to alter the effect of judicial opinions such as Wood which favored injured employees. The Arkansas Supreme Court has said that strict construction gives words "their ordinary and usually accepted meaning

in common language," <u>Vanderpool</u>, 327 Ark. at 415, and the ordinary meaning of "net proceeds recovered" does not necessarily encompass settlements, so we cannot say that strict construction precludes use of <u>Wood</u>'s definition of recovered. Moreover, the Arkansas Supreme Court has in some circumstances equated strict construction with narrow construction. <u>See</u> <u>Arkansas Conference Ass'n of Seventh Day Adventist, Inc. v. Benton County Bd. of Equalization</u>, 304 Ark. 95, 97 (1990) (strict construction requires that terms be "narrowly construed").

Great Lakes also argues that the settle around doctrine subverts the goal of the 1993 amendments to reduce the costs of workers compensation because the doctrine overcompensates plaintiffs and hinders employers in recouping their workers compensation expenditures. The practice of settling around employer liens does not necessarily overcompensate plaintiffs because they may be compensated in tort for damages not compensable under the statute, and employers may have a better chance of recovering under the amended statute in light of the new statutory duty of cooperation. <u>See</u> Ark. Code Ann. § 11-9-410(c)(4). Although cost reduction was a major purpose of the 1993 amendments, <u>see</u> Act 796, § 1, 1993 Ark. Acts 2190 (codified at Ark. Code Ann. § 11-9-101(b)), the primary purpose was "to pay timely temporary and permanent disability benefits to all legitimately injured workers, " <u>id.</u> at 2189. <u>See</u> <u>also</u> Ark. Code Ann. § 11-9-1001. The settle around doctrine does not conflict with this purpose.

In sum, we find no conflict or inconsistency between the 1993 amendments and the settle around doctrine, and the unpublished order in <u>Contreras</u> does not persuade us to the contrary. In <u>Contreras</u> the district court granted a motion to declare that a carrier could obtain a lien on settlement proceeds under the amended statute. In reaching this conclusion it relied on an opinion by an administrative law judge for the Arkansas Workers Compensation Commission who had ruled that amended § 11-9-410 included "recoveries which are not necessarily the result of court action," <u>Contreras</u>, No. LR-C-98-512 at 2. When faced with an unsettled issue of state law,

our task sitting in diversity is to predict how the highest court in the state would rule on the issue. Novak v. Navistar Int'l Transp. Corp., 46 F.3d 844, 847 (8th Cir. 1995). After examining the related case law, we are not persuaded that the Arkansas Supreme Court would decide the issue of statutory interpretation in the same way as the administrative law judge cited in Contreras.

The Arkansas Supreme Court has decided two cases examining the impact of the 1993 amendments on prior state court opinions. In those cases the court examined the language of the amended statute to determine the legislative intent and decided in both that the legislature had not intended to overturn the prior law. In Davis v. Old Dominion Freight Line, Inc., 341 Ark. 751, 757 (2000), the court concluded from a language change in § 11-9-102(5)(F)(iii) that the legislature intended to codify the law from previous cases rather than change it, and in Lawhon Farm Services v. Brown, 335 Ark. 276, 280-81 (1998), the court decided that the absence of any change to § 11-9-527 showed an intent to preserve the law set by previous cases. Lawhon is similar to the instant case in that the statutory language at issue had been interpreted liberally by state courts before 1993 and was not changed by the amendments. Id. at 278. The employer there also argued that the 1993 provisions requiring strict construction and repudiating conflicting case law undercut the authority of earlier cases, but the Arkansas Supreme Court rejected this argument. The court stated that the legislature "is presumed to be familiar with this Court's interpretations of its statutes" and concluded that its interpretations "remain the law" where the underlying statutory language has not been changed. Id. at 281.

In the 1993 amendments, the Arkansas legislature showed itself capable of expressing its intent to "annul" specific Arkansas court cases, see Act 796, §§ 6, 31 (codified as Ark. Code Ann. §§ 11-9-107(e), -713(e)), but in disapproving certain cases it did not mention Wood or any of its progeny. The Arkansas Supreme Court also recently cited Wood and successor cases for the proposition that § 11-9-410 does not create an "absolute lien," enforceable in all circumstances. See Gen. Accident

Ins. Co. of Am. v. Jaynes, 343 Ark. 143, 153 (2000) (statutory lien under § 11-9-410(a) does not arise until injured employee is made whole).

We see nothing inconsistent in the settle around doctrine and the 1993 amendments because the settle around doctrine does not mean double recoveries, prevent cooperation among parties, or conflict with statutory policies. It is significant that the Arkansas legislature in 1993 did not alter the statutory language interpreted by Wood or express any intent to change the settle around doctrine developed by the Arkansas courts. It cited the cases it disapproved but did not mention Wood. Moreover, recent decisions by the Arkansas Supreme Court imply that Wood remains good law. A federal court must follow the announced state law in a diversity action "unless there are very persuasive grounds for believing that the state's highest court no longer would adhere to [it]." 19 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4507, at 145-47 (2d ed. 2001). Because the 1993 amendments do not provide such persuasive grounds, we must look to the announced case law.

Since neither the Arkansas legislature nor the Arkansas Supreme Court have sent a clear signal that Wood and the settle around doctrine have been undercut by the 1993 statutory amendments, we conclude that the district court did not abuse its discretion in approving the settlement or denying the motion to reconsider. We affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-9-