# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3992

_____

Juliane Wilkie Gillette,                     *
                                             *
            Appellant,                       *
                                             *    Appeal from the United States
      v.                                     *    District Court for the
                                             *    District of North Dakota.
Jo Anne B. Barnhart, Commissioner            *        [UNPUBLISHED]
of Social Security,                          *
                                             *
            Appellee.                        *

_____

Submitted: July 19, 2004
     Filed: July 22, 2004

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

      Juliane Wilkie Gillette appeals the district court's[1] order affirming the denial of supplemental security income (SSI) and disability insurance benefits (DIB) prior to May 11, 2001. Having carefully reviewed the record, we affirm. See Cox v. Barnhart, 345 F.3d 606, 608 (8th Cir. 2003) (standard of review).

_____

      [1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

In her May 2001 applications and related documents, Gillette alleged disability since January 1997 from hypertension, systemic lupus erythematosus (SLE), and a slipped disc in her low back. Her insured status, for purposes of DIB, expired in September 1999. After a hearing, an administrative law judge (ALJ) found that while Gillette's SLE, chronic sinusitis, and obesity were severe, her impairments alone or combined were not of listing-level severity. The ALJ further found that Gillette's past relevant work as a career counselor and foster-care coordinator did not require work-related activities inconsistent with her residual functional capacity.

The district court reversed in part, remanding to the Commissioner for an award of SSI as of May 11, 2001. The court determined that the ALJ had improperly discounted the opinions of treating physicians James Lampman and Biron Baker as to Gillette's employability as of May 11, 2001, and that the ALJ's credibility findings as to inconsistencies in Gillette's reported daily activities were not supported by substantial evidence. The court denied Gillette's subsequent motion for reconsideration.

On appeal, Gillette seeks an award of benefits, including DIB, as of April 1998. She challenges the ALJ's credibility findings and contends the district court improperly discounted her subjective complaints as they related to the period at issue: April 1998 to May 2001. We disagree. The written statements of Gillette and her husband described her condition and activities in June and September 2001, after the period at issue, and Gillette's August 2002 testimony about her pre-May 2001 limitations is not supported by her contemporaneous reports to her physicians. Notably, after Gillette's 1998 hospitalization, she told her physicians of only two SLE flare-ups, one lasting only four days and the other reportedly controlled by relaxation. Thus, if the district court implicitly concluded--as Gillette contends--that her condition was adequately controlled by medication during that time, such a conclusion is supported by substantial evidence. See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995) (if impairment can be controlled by treatment or medication, it

cannot be considered disabling). As to the medical-record entries Gillette points to, they are either taken out of context, or they do not establish her inability to perform her past relevant work before May 11, 2001.

Gillette claims the ALJ and the district court erred by not adopting Dr. Baker's opinion that she became disabled as of at least April 1998, an opinion she suggests is supported by that of Dr. Lampman, an arthritis specialist. However, Dr. Baker did not begin treating Gillette until spring 2000; and significantly, the medical records indicate the Minne-Tohe Health Center doctors (including Dr. Baker) had to approve a referral for Gillette to see Dr. Lampman, yet from July 1998 to May 2001 they apparently found such a referral unnecessary. It was not until May 2001 that Dr. Lampman suggested, without specifying a date, that Gillette's level of endurance would make it difficult for her to work full-time. Accordingly, Dr. Baker's opinion regarding the period at issue was properly discounted. Cf. Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998) (treating physician's opinion is generally entitled to substantial weight, but it is not conclusive and must be supported by medically acceptable clinical or diagnostic data).

Finally, we find no abuse of discretion in the district court's denial of Gillette's motion for reconsideration. See Smith v. Chem. Leaman Tank Lines, Inc., 285 F.3d 750, 752 (8th Cir. 2002).

The judgment is affirmed.

_____